# Illinois Official Reports

## Appellate Court

---

### *In re B.G.*, 2017 IL App (3d) 170144

---

| | |
|---|---|
| Appellate Court Caption | *In re* B.G., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. B.G., Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-17-0144 |
| Filed | July 18, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Grundy County, No. 04-JD-52; the Hon. Robert C. Marsaglia, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James M. Durkee, of Malmquist, Geiger & Durkee, LLC, of Morris, for appellant.<br><br>Jason A. Helland, State's Attorney, of Morris (Patrick Delfino, Lawrence M. Bauer, and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Carter and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1 B.G. appeals from the circuit court's dismissal of his petition to terminate registration as a sex offender. We reverse and remand.

¶ 2                                            FACTS

¶ 3 On September 14, 2004, the State filed a four-count petition for adjudication of wardship. B.G. subsequently pled guilty to count III, which alleged that he had committed an act of criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2002)). The State moved to dismiss the remaining three counts, and the court adjudicated B.G. delinquent on count III. On September 29, 2004, the court sentenced B.G. to two years' probation. In its order, the court did not expressly impose the statutorily mandated 10-year sex offender registration term. 730 ILCS 150/2, 3, 7 (West 2004). However, defendant was subject to the registration period by operation of law, and therefore, we infer that he first registered in 2004.

¶ 4 On November 12, 2012, in case No. 12-CF-237, the State charged B.G. with failing to register as a sex offender (730 ILCS 150/10(a) (West 2012)). On April 22, 2013, B.G. pled guilty to the charge and was sentenced to 30 months of conditional discharge.

¶ 5 On September 7, 2016, B.G. filed a petition to terminate registration as a sex offender. 730 ILCS 150/3-5 (West 2016). At a subsequent hearing, the State orally moved to dismiss B.G.'s petition. The State argued that B.G.'s April 2013 conviction for failing to register initiated a "new" 10-year sex offender registration period under section 7 of the Sex Offender Registration Act (Act) (730 ILCS 150/7 (West 2012)). Therefore, the State concluded that B.G.'s section 3-5 petition was premature, as he had to wait five years from the start of his "new" registration period. 730 ILCS 150/3-5(c) (West 2016). The five-year waiting period on B.G.'s original registration expired in 2009. The court granted B.G. leave to file a written response and continued the case for additional argument.

¶ 6 After hearing the parties' supplemental arguments, the court granted the State's motion to dismiss. The court found that B.G. could petition to terminate his registration no sooner than five years after his "new" registration. B.G. appeals.

¶ 7                                          ANALYSIS

¶ 8 B.G. argues that the circuit court erred in dismissing his petition on the grounds that it was premature. In response, the State contends that the court's ruling was correct because B.G.'s 2013 conviction started a "new" registration period and B.G. could not file a section 3-5 petition until 2018, at the earliest. For the following reasons we find that B.G.'s 2013 conviction did not act to create a "new" registration period, and therefore, his 2016 petition was not premature.

¶ 9 The parties' arguments raise a question of statutory interpretation: at what point in time can an individual, who has been subject to additional registration requirements under section 7 of the Act, file a petition to terminate sex offender registration, under section 3-5 of the Act? The language of the operative statutes is the best indicator of legislative intent, and we give that language its plain and ordinary meaning. *In re E.B.*, 231 Ill. 2d 459, 466 (2008). We construe the statute as a whole and consider words or phrases in light of other relevant

provisions of the statute. *Id.* We review an issue of statutory interpretation *de novo. People v. Beachem*, 229 Ill. 2d 237, 243 (2008).

¶ 10 B.G.'s petition for termination was filed under section 3-5 of the Act. Section 3-5 specifies the rights and obligations of juvenile delinquents who are subject to the Act. 730 ILCS 150/3-5 (West 2016). Section 3-5 is intended "to protect the rights of juvenile delinquents, who have a greater likelihood of rehabilitation, by allowing them the opportunity to petition the court to remove them from the sex offender registry." *In re Rufus T.*, 409 Ill. App. 3d 969, 975 (2011) (reviewing the legislative history of Public Act 95-658 (eff. Oct. 11, 2007) which added section 3-5 to the Act). Subsection 3-5(c) provides an individual, who was adjudicated delinquent as a minor, with the statutory right to petition the circuit court for termination of the registration requirement. 730 ILCS 150/3-5(c) (West 2016). Subsection 3-5(c) states:

"For a minor adjudicated delinquent for an offense which, if charged as an adult, would be a felony, no less than 5 years after registration ordered pursuant to subsection (a) of this Section, the minor may petition for the termination of the term of registration." *Id.*

Subsection 3-5(a) states:

"In all cases involving an adjudicated juvenile delinquent who meets the definition of sex offender as set forth in paragraph (5) of subsection (A) of Section 2 of this Act, the court shall order the minor to register as a sex offender." 730 ILCS 150/3-5(a) (West 2016).

¶ 11 At the time of his 2016 petition, B.G. had satisfied each of the subsection 3-5(c) requirements. In 2004, B.G. was adjudicated delinquent for criminal sexual assault—an offense that would have been charged as a Class 1 felony if B.G. was an adult. 720 ILCS 5/12-13(a)(3), (b)(1) (West 2002). At that time, section 3-5 had not been enacted.[1] 730 ILCS 150/3 (West 2004). However, section 3-5 applies retroactively to B.G. (730 ILCS 150/3-5(h) (West 2016)), and B.G. satisfies the definitional requirements of section 3-5(a) (730 ILCS 150/3-5(a) (West 2016)). Specifically, B.G.'s 2004 adjudication statutorily classified B.G. as a "sex offender" as defined in subsection 2(A)(5). 730 ILCS 150/2(A)(5), 3-5(a) (West 2016). B.G. was originally required to register as a sex offender for a 10-year period following his 2004 adjudication. 730 ILCS 150/2, 3, 7 (West 2004). Thus, under subsection 3-5(c), B.G. was eligible to petition for termination in 2009. 730 ILCS 150/3-5(c) (West 2008). While B.G. did not seek termination at that time, he was convicted in 2013 of failing to register as a sex offender (730 ILCS 150/10(a) (West 2012)). Section 7 of the Act governs B.G.'s additional registration obligations that resulted from this conviction. 730 ILCS 150/7 (West 2012).

¶ 12 Section 7 states:

"The Director of State Police, consistent with administrative rules, *shall extend for 10 years* the registration period of any sex offender, as defined in Section 2 of this Act, who fails to comply with the provisions of this Article. The registration period for any sex offender who fails to comply with any provision of the Act shall extend the

---

[1]Section 3-5 was enacted on October 11, 2007, more than three years after B.G.'s adjudication. Pub. Act 95-658 (eff. Oct. 11, 2007) (adding 730 ILCS 150/3-5).

period of registration by 10 years beginning from the first date of registration after the violation." (Emphasis added.) *Id.*

By its plain language, section 7 does not create a new registration period but *extends* the underlying registration term by 10 years. *Id.* Specifically, section 7 empowers the Director of State Police to "extend" the registration period. *Id.* It does not authorize the director to order a new registration period. *Id.* We construe this plain language to mean that a juvenile registrant may file a section 3-5 petition to terminate registration five years or more after the *original* order was entered under subsection 3-5(a), even if the registration period was extended under section 7. Our interpretation of the statute is consistent with the legislature's intent "to protect the rights of juvenile delinquents, who have a greater likelihood of rehabilitation." *Rufus T.*, 409 Ill. App. 3d at 975. Limiting a juvenile's right to file a section 3-5 petition to five years after each section 7 extension would decrease the protections afforded by the statute. For example, if a section 7 registration extension reinitiated the five-year waiting period, a juvenile offender would likely reach the age of majority before he attained the right to file a section 3-5 petition for termination. Thus, the rehabilitative benefits intended by section 3-5 would be nullified.

¶ 13    Applied to the facts of this case, section 7 subjects B.G. to a registration *extension* of 10 years. This results in a total registration period of 20 years instead of two independently ordered 10-year registration terms. At the time B.G. filed his petition, he had been subject to registration for more than 12 years due to the 2004 registration order (730 ILCS 150/3 (West 2004)) and the 2013 extension (730 ILCS 150/7 (West 2012)). Because more than five years elapsed from the 2004 order, B.G. had the right, under section 3-5(c), to file a petition to terminate registration in 2016. 730 ILCS 150/3-5(c) (West 2016). Therefore, the court erred in dismissing B.G.'s petition. Moreover, our holding does not *per se* entitle B.G. to termination; it merely allows him the procedural right to seek termination.

¶ 14                                CONCLUSION

¶ 15    The judgment of the circuit court of Grundy County is reversed and remanded.

¶ 16    Reversed and remanded.